**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA**

                      **v.**                              **5:02-CR-483**
                                                          **(FJS)**

**ALLEN SWAIN,**

                      **Defendant.**
_____

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **OFFICE OF THE UNITED STATES ATTORNEY**<br>James Hanley U.S. Courthouse & Federal Building<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261-7198<br>Attorneys for the United States | **LISA M. FLETCHER, AUSA** |
| **OFFICE OF THE FEDERAL PUBLIC DEFENDER**<br>The Clinton Exchange, 3rd Floor<br>4 Clinton Square<br>Syracuse, New York 13202<br>Attorneys for Defendant | **LISA A. PEEBLES, AFPD** |

**SCULLIN, Senior Judge**

## ORDER

On December 3, 2003, pursuant to an Agreement between the parties, Defendant entered a plea of guilty to Count 1 of the Indictment, charging him with the felony offense of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 846. At the time of sentencing, the Court found that Defendant's offense level was 29 and that his criminal history category was II, resulting in a presumptive United

States Sentencing Guidelines range of 97 to 121 months' incarceration. However, a twenty-year (240 months) statutory minimum sentence applied. The Government moved for a downward departure pursuant to 18 U.S.C. § 3553(e) and United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 based on Defendant's substantial assistance. The Court granted the motion and, on November 12, 2004, imposed a sentence of eighty (80) months' incarceration.

Subsequently, Defendant moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines reducing the base offense level listed on the drug quantity table for most cocaine base (crack cocaine) offenses. *See* U.S.S.G. § 2D1.1(c). The Government opposed the motion on the ground that Defendant was not eligible for a reduced sentence because Amendment 706 did not reduce his guideline sentence. In a Memorandum-Decision and Order dated April 3, 2008, this Court denied Defendant's motion, finding that, "because the Court [had] already fully considered Defendant's cooperation in setting his sentence and because the Court [was] limited to considering *only* Defendant's cooperation in moving below the statutory mandatory minimum, for all practical purposes, the crack cocaine sentencing amendment [was] superfluous." *See* Dkt. No. 279 at 5 (citation omitted).

On January 15, 2009, Defendant filed a second motion to reduce his sentence in light of the same amendment to the Sentencing Guidelines. *See* Dkt. No. 281. Defendant also relied on the Second Circuit's recent decision in *United States v. Williams*, 551 F.3d 182 (2d Cir. 2009), to support his motion. *See id.* In response to Defendant's motion, the Government filed a letter in which it stated that, because Defendant had "completed his sentence [and had] commenc[ed] supervision with the United States Probation Office on July 18, 2008, the Government [was

moving] for a dismissal of the pending motion as moot." *See* Dkt. No. 283.

For the reasons set forth in the Government's January 30, 2009 letter, the Court hereby

**ORDERS** that Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, in light of Amendment 706 to the Guidelines, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: May 5, 2009
       Syracuse, New York

                                         Frederick J. Scullin, Jr.
                                         Senior United States District Court Judge